1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JODEE GARRETT, Sr.

11            Plaintiff,                 Civ. No. S-06-1208 MCE KJM P

12        vs.

13   P. KENNEDY, et al.,

14            Defendants.           FINDINGS AND RECOMMENDATIONS

15   _____/

16            Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.   On March 5, 2008, defendants filed a motion for summary judgment.  On

18   May 30, 2007, the court advised plaintiff of the requirements for opposing a motion pursuant to

19   Rule 56 of the Federal Rules of Civil Procedure.  See Rand v. Rowland, 154 F.3d 952, 957 (9th

20   Cir. 1998) (en banc) and Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988).   In that

21   same order, plaintiff was advised of the requirements for filing an opposition to the pending

22   motion and that failure to oppose such a motion might be deemed a waiver of opposition to the

23   motion.

24            On April 28, 2008, plaintiff was ordered to file an opposition or a statement of

25   non-opposition to the pending motion within thirty days.  In the same order, plaintiff was

26   informed that failure to file an opposition would result in a recommendation that this action be

1

1  dismissed pursuant to Fed. R. Civ. P. 41(b).  The thirty day period has now expired and plaintiff

2  has not responded to the court's order.

3          "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss

4  an action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258,

5  1260 (9th Cir. 1992).  "In determining whether to dismiss a case for failure to comply with a

6  court order the district court must weigh five factors including:  '(1) the public's interest in

7  expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

8  prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;

9  and (5) the availability of less drastic alternatives.'"  Ferdik, 963 F.2d at 1260-61 (quoting

10 Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46

11 F.3d 52, 53 (9th Cir. 1995).

12          In determining to recommend that this action be dismissed, the court has

13 considered the five factors set forth in Ferdik.  Here, as in Ferdik, the first two factors strongly

14 support dismissal of this action.  The action has been pending for two and has reached the stage

15 set by the court's August 10, 2007 scheduling order for resolution of dispositive motions and, if

16 necessary, preparation for pretrial conference and jury trial.  (See Scheduling Order, docket no.

17 14.)  Plaintiff's failure to comply with the Local Rules and the court's April 28, 2008, order

18 suggests that he has abandoned this action and that further time spent by the court thereon will

19 consume scarce judicial resources in addressing litigation which plaintiff demonstrates no

20 intention to pursue.

21          The fifth factor also favors dismissal.  The court has advised plaintiff of the

22 requirements under the Local Rules and granted ample additional time to oppose the pending

23 motion, all to no avail.  The court finds no suitable alternative to dismissal of this action.

24          Under the circumstances of this case, the third factor, prejudice to defendants

25 from plaintiff's failure to oppose the motion, should be given little weight.  Plaintiff's failure to

26 oppose the motion does not put defendants at any disadvantage in this action.  See Ferdik, 963

1    F.2d at 1262.  Indeed, defendants would only be "disadvantaged" by a decision by the court to

2    continue an action plaintiff has abandoned.  The fourth factor, public policy favoring disposition

3    of cases on their merits, weighs against dismissal of this action as a sanction.  However, for the

4    reasons set forth supra, the first, second, and fifth factors strongly support dismissal and the third

5    factor does not mitigate against it.  Under the circumstances of this case, those factors outweigh

6    the general public policy favoring disposition of cases on their merits.  See Ferdik, 963 F.2d at

7    1263.

8         For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be

9    dismissed pursuant to Federal Rule of Civil Procedure 41(b).

10        These findings and recommendations are submitted to the United States District

11   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

12   days after being served with these findings and recommendations, any party may file written

13   objections with the court and serve a copy on all parties.  Such a document should be captioned

14   "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised

15   that failure to file objections within the specified time may waive the right to appeal the District

16   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17   DATED:  June 5, 2008.

18

19                                        _____

                                          U.S. MAGISTRATE JUDGE

20   2

     garr1208.46fr

21

22

23

24

25

26

                                              3